UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD MARSE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1987** |
| **TARGET CORPORATION, et al.** | **SECTION "C" (2)** |

# ORDER

The Court previously ordered briefing on whether the jurisdictional minimum existed at the time of removal. Rec. Doc. 4. Before the Court is a memorandum from defendant on this issue, plaintiff having submitted no memorandum. Rec. Doc. 5. Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to the state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Association Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994).

Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it

1

is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert denied*, 459 U.S. 1107 (1983).

In this matter, the plaintiff, Lloyd Marse ("Marse"), alleges that he was injured after falling in the Target Store in Harvey, Louisiana that is maintained by defendant, Target Corporation, a/k/a Target Corporation of Minnesota ("Target"). Rec. Doc. 1-5 at 3-4. Plaintiff filed this suit on January 14, 2014 in the 24th Judicial District Court for the Parish of Jefferson. *Id.* at 3. Marse states that he injured his knee, leg, and arm, and that he underwent carpal tunnel surgery on September 5, 2013. *Id.* at 4. He claims damages for physical pain and suffering, mental pain and anguish, medical expenses, loss of wages and earning capacity, loss of enjoyment of life and permanent disability and impairment. *Id*. at 4.

In response to the Court's order for briefing to show that the jurisdictional minimum is satisfied, Target, in its brief, averred (1) that it was facially apparent that claims were likely to exceed the jurisdictional minimum because of Marse's carpal tunnel surgery and (2) that Marse asserted in his discovery responses that the jurisdictional minimum of this Court is met. Rec. Doc. 5 at 4.

The Court finds that Target has not made a sufficiently particularized showing to meet its burden for removal purposes. In support of its argument, Target has cited to *Parker v. Robinson*, a Louisiana state court case in which the court overturned a jury verdict and awarded $60,000 in

general damages to an individual who had suffered carpal tunnel syndrome. 925 So.2d 646, 653 (La.App. 4 Cir. 2006). However, the Court finds that *Parker* differs from the instant case in several respects. In *Parker*, the court was considering general damages for injuries resulting in carpal tunnel syndrome *and* pain from a herniated disk. Furthermore, the court found that awards for that combination of injuries range from a high of $175,000 to a low of $25,000. *Id*. Here, plaintiff has not alleged a herniated disk injury. Thus, it is likely that damages do not exceed the jurisdictional minimum of $75,000.

Furthermore, Target has not shown other particularized facts that would demonstrate a likelihood for damages to meet the jurisdictional minimum. In *Simon v. Wal-Mart Stores, Inc.*, the Fifth Circuit found that a complaint which alleged shoulder injuries, unidentified medical expenses, and loss of consortium "described damages inadequately to support removal" because they lacked the requisite specificity. 193 F.3d at 851. In addition, the court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil* § 3739. Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 3rd day of November, 2014.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE